IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                **Case No. 03-40022-01**
                                         06-3156-RDR

LAWRENCE THOMAS CURTIS,

        Defendant.

## MEMORANDUM AND ORDER

This matter is presently before the court upon defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

The history of this case is lengthy and complicated. The defendant was indicted following a traffic stop on November 9, 2002. During the stop, the defendant was found to be driving a van containing 655 pounds of marijuana. On July 2, 2003 the defendant entered a plea of guilty pursuant to a plea agreement to possession with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). The plea agreement provided, <u>inter</u> <u>alia</u>, the defendant waived his right to appeal and collateral review of his conviction and sentencing.[1]

---

[1]The plea agreement provided as follows:
Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The

Prior to sentencing, the defendant absconded bond supervision, with his last contact with pretrial services on October 1, 2003. The defendant failed to appear for sentencing. He was subsequently arrested on January 26, 2004. Following the receipt of the presentence report, defendant's counsel raised several objections, including the quantity of marijuana that was attributable to him. On February 20, 2004 the court sentenced the defendant to a term of imprisonment of 78 months, the bottom of the calculated guideline range.

The defendant filed a timely notice of appeal. The government moved to dismiss the appeal based upon the defendant's appeal waiver in the plea agreement. On May 11, 2004 the Tenth Circuit Court of Appeals granted the motion, finding that "the

---

> defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upward from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

[defendant's] waiver of appellate rights is enforceable." The defendant filed a petition for a writ of certiorari with the United States Supreme Court on August 11, 2004. The Supreme Court granted the petition on January 24, 2005 and remanded the case to the Tenth Circuit "for further consideration in light of United States v. Booker."

On May 24, 2005 the Tenth Circuit reinstated its order of May 11, 2004 and dismissed the defendant's appeal. The defendant filed another petition for writ of certiorari to the Supreme Court on August 26, 2005, and the Supreme Court dismissed it on October 3, 2005.

II.

The defendant filed the instant motion on April 18, 2006. In this motion, he contends that he was denied effective assistance of counsel because his attorney failed to argue that the government violated the plea agreement by (1) introducing evidence concerning the drug quantity attributable to him; and (2) refusing to file a motion for reduction of sentence based upon substantial assistance.

The government has filed a response and a motion to enforce the plea agreement. The government asserts that the defendant's § 2255 motion should be dismissed because the defendant waived the right to pursue any collateral appeal in the plea agreement. The government suggests that the defendant's waiver of his collateral review rights meets the requirements of United States v. Hahn, 359

F.3d 1315 (10th Cir. 2004) (en banc).

### III.

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; United States v. Galloway, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995). To be entitled to an evidentiary hearing, the defendant must allege facts which, if proven, would entitle him to relief. See Hatch v. Oklahoma, 58 F.3d 1447, 1471 (10th Cir. 1995), cert. denied, 517 U.S. 1235 (1996). The court finds that a hearing on the defendant's motion is not necessary because the materials already in the record conclusively show that the defendant is not entitled to relief on his claims.

### IV.

A defendant's waiver of collateral review is binding if (1) the scope of the waiver covers the present appeal, (2) the waiver was knowing and voluntary, and (3) enforcement of the waiver would not result in a miscarriage of justice. Hahn, 359 F.3d at 1325. The "language of the plea agreement itself" is generally sufficient to show the scope of the waiver and whether the content of the agreement was made known to the defendant. United States v. Chavez-Salais, 337 F.3d 1170, 1173 (10th Cir. 2003). If the "terms of [a] lawful plea agreement[ ]. . . explicitly waived the right to appeal or to collaterally attack a sentence under 28 U.S.C. § 2255," the defendant is bound. Id. A miscarriage of justice

4

occurs in any of four circumstances:  1) where the district court relied on an impermissible factor such as race; 2) where the waiver is rendered invalid due to ineffective assistance of counsel in connection with the negotiation of the waiver; 3) where the sentence exceeds the statutory maximum; or 4) where the waiver is otherwise unlawful.  Hahn, 359 F.3d at 1327.

The explicit terms of the waiver agreement clearly show that direct appeal and collateral review rights fell within the scope of the waiver of appellate rights, and the defendant knowingly and voluntarily waived those rights.

The defendant argues that the waiver was not knowing and voluntary because the court did not address the waiver of collateral review rights at the time of the plea colloquy.  The court finds no merit to this argument.  The defendant is correct that the court did not specifically address the waiver of collateral review rights at the time of the Rule 11 plea colloquy.  The following occurred at that time:

> THE COURT: All right.  Now, do you understand that by entering into a plea agreement and entering a plea of guilty you may have waived or given up a right to appeal all or part of your sentence?  Is that clear to you?
> MR. CURTIS: Yes, sir.

The Tenth Circuit, however, has made it clear that there are two ways that the content of a waiver can be made known to a defendant:  (1) through the language of the plea agreement; or (2) through the Rule 11 plea colloquy.  Chavez-Salais, 337 F.3d at

5

1173.  It is not necessary that the colloquy cover the waiver of collateral review when the record suggests that the waiver was knowing and voluntary.  Id., at 1173 n. 2.  The defendant made clear at the time of the Rule 11 plea colloquy that he understood the terms of the plea agreement.  He also signed the plea agreement, indicating that he had read it and he understood it.  There is nothing in the record to suggest that the waiver was not knowingly and voluntarily made.  The court finds that the defendant is bound by his waiver.

The defendant has also suggested, at least implicitly, that the waiver should not be enforced because of a miscarriage of justice.  He has argued that he was denied effective assistance of counsel.  However, his arguments do not concern the denial of effective assistance of counsel in connection with the negotiation of the waiver.  Rather, the defendant contends his counsel was ineffective in failing to argue that the government violated the plea agreement by introducing evidence concerning the drug quantity attributable to him and by refusing to file a motion for reduction of sentence based upon substantial assistance.  Only ineffective assistance of counsel in connection with the negotiation of the waiver results in a miscarriage of justice.  Hahn, 359 F.3d at 1327.  "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."  United States v. Cockerham, 237 F.3d 1179,

1187 (10th Cir. 2001). The defendant makes no argument that his counsel's alleged ineffective assistance affected the voluntariness of his plea, nor does the record support such an argument. Accordingly, the court does not find that enforcement of the waiver would result in a miscarriage of justice. In sum, the court finds that the government's motion for enforcement of the plea agreement must be sustained. The waiver of collateral review by the defendant is enforceable. The defendant's § 2255 motion shall be dismissed.

V.

Even if we were to consider the merits of the defendant's motion, we would deny it. The defendant has suggested that the government agreed to a sentence based upon the quantity of the marijuana that was discovered during the traffic stop, 655 pounds. He argues that his counsel was ineffective because she failed to contend that the government had violated the plea agreement by introducing evidence of relevant conduct at the sentencing hearing.

The court finds absolutely no merit to this contention. The plea agreement failed to contain any mention of this purported agreement. In fact, the plea agreement specifically provides as follows:

> The defendant agrees that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count Two, in accordance with the United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

The court also finds no merit to the defendant's other contention of ineffective assistance of counsel.  He suggests that his counsel was ineffective because she did not assert that the government had violated the plea agreement by failing to file a motion for reduction of sentence based upon substantial assistance.

The plea agreement provided that the government would file such a motion "[u]pon determination by the United States the defendant has provided substantial assistance."  In other words, the agreement allowed the government to exercise its discretion if it determined that a motion for reduction of sentence was appropriate.  At sentencing, the defendant's counsel argued that the government should have filed such a motion.  The court rejected this objection as follows:

> The court is empowered under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, upon a government motion, to impose a sentence below the guideline range and below a statute's and the guidelines' mandatory minimums to reflect a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense."  United States v. Duncan, 242 F.3d 940, 941 (10th Cir. 2001).  In two instances, however, a court may either force the government to file the motion or grant the motion sua sponte. The first is when the government's refusal to file the motion violates an agreement. See United States v. Lee, 989 F.2d 377, 379 (10th Cir. 1993); see also United States v. Cerrato-Reyes, 176 F.3d 1253, 1264 (10th Cir. 1999). The second occurs when the government's refusal was based on an unconstitutional motive, such as the defendant's race or religion.  See Wade v. United States, 504 U.S. 181, 185-86 (1992).
> The defendant has made no allegation and provided no evidence that the government's failure to file the motion for downward departure violates the plea agreement or was based on an unconstitutional motive. Moreover, the court

8

>finds no support for these allegations even if they had been made.  See Cerrato-Reyes, 176 F.3d at 1264. Accordingly, the court must deny defendant's motion to require the government to file a motion for downward departure.

Based upon that ruling, we certainly find no basis for an ineffective assistance of counsel claim.  Accordingly, even if we were to consider the merits of the defendant's § 2255 motion, we would deny it.

**IT IS THEREFORE ORDERED** that the government's motion for enforcement of plea agreement (Doc. # 109) is hereby granted.  The defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. # 103) is hereby dismissed.

**IT IS SO ORDERED.**

Dated this 19th day of October, 2006 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge

9